FILED
2020 JUL 23
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID B.,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ANDREW SAUL,<br>　Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-00077-CMR<br><br>MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING THE COMMISSIONER'S FINAL DECISION<br><br>Magistrate Judge Cecilia M. Romero |

　　　　Plaintiff David B. (Plaintiff) seeks judicial review of the determination of the Commissioner of the Social Security Administration (the Commissioner) denying his application for disability insurance benefits (DIB).  After careful consideration of the written briefs, the administrative record, oral argument, and relevant legal authorities, the court REVERSES and REMANDS the decision for further proceedings.

## I.　BACKGROUND

　　　　Plaintiff was 48 years old on his alleged disability onset date of October 18, 2014 (Certified Administrative Transcript (Tr.) 102).  Plaintiff filed an application for DIB on February 9, 2015 alleging disability due to a second knee replacement of the left knee, arthritis of the left shoulder and a fractured left ankle, plantar fasciitis of the right foot, degenerative disc disease of the lower back, a painful scar on the left ring finger, sleep apnea, and post-traumatic stress disorder (PTSD) (Tr. 101–02).  The ALJ decision dated June 22, 2016 (Tr. 32–27) was remanded by the district court on the Commissioner's motion for remand (Tr. 1404–05).  The ALJ decision dated May 11, 2018 (Tr. 1420–34) was remanded by the Appeals Council to a

different ALJ (Tr. 1443–48).

The ALJ determined Plaintiff had severe impairments of degenerative joint disease of the left knee with history of knee replacement, PTSD, sleep apnea, degenerative joint disease of the left hip, degenerative disc disease of the lumbar spine, and plantar fasciitis of the right foot (Tr. 1260). The ALJ considered Plaintiff's orthopedic disorders under Listings 1.02 and 1.04 and his PTSD under Listing 12.15 and paragraph B and C criteria, finding none applied except mild paragraph B limitations (Tr. 1260–61). Next, the ALJ determined he had the residual functional capacity (RFC) to perform light work with additional limitations of requiring "the use of a cane or other assistive device while ambulating" and "no more than occasional contact with supervisor, coworkers, or the public" (Tr. 1262). At step four, the ALJ found that, given this RFC, he was unable to perform his past relevant work as a stock clerk, police officer, and cable wirer (Tr. 1268). Finally, the ALJ determined at step five that he could nonetheless perform other work as a mail clerk, hand packager, and office helper (Tr. 1269). The ALJ therefore concluded that he was not disabled and denied disability benefits (Tr. 1270). The Appeals Council then denied Plaintiff's request for review (Tr. 1246–52), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II.    STANDARD OF REVIEW

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While substantial evidence is "more than a scintilla," it means only "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Id.* (quoting *Hacket v. Barnhart*, 395 F.3d 1168, 172 (10th Cir. 2005)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

### III. DISCUSSION

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The analysis evaluates whether:

(1) The claimant presently engages in substantial gainful activity;
(2) The claimant has a medically severe physical or mental impairment or impairments;
(3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
(4) The impairment prevents the claimant from performing his or her past work; and
(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See id.* A claimant's RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in the national economy. *Id.*

Plaintiff's opening brief alleges numerous errors in the ALJ's decision, including that the ALJ's step five findings are not supported by substantial evidence. This error mandates reversal and remand and is therefore dispositive of Plaintiff's appeal. Accordingly, the court will address

3

only this dispositive issue, and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

After full consideration of the parties' briefs and oral argument, the court finds that the ALJ's step five findings are not supported by substantial evidence. Vocational expert Connie Hill's (VE Hill) testimony concerning the number of jobs in the national economy appears to be inconsistent with the data and job sources for which she relied upon, including Job Browser Pro/Skilltrans. When Plaintiff raised this issue at the administrative hearing and attempted to cross examine VE Hill, the ALJ improperly interrupted and objected to his questioning, but nonetheless permitted him to submit briefing on this issue (Tr. 1336–38). Although Plaintiff timely submitted a brief on the issue of jobs numbers with supporting data (Tr. 1672–74), the ALJ did not adequately address the brief or underlying data in the decision. The Commissioner argues that the ALJ's statement that he carefully considered "the entire record" is sufficient (Tr. 1259), but this statement alone does not adequately resolve this issue. The ALJ failed to provide a sufficient basis for the court to determine that that appropriate legal principles were followed in resolving this issue. *Jensen*, 436 F.3d at 1165. The ALJ therefore erred in failing to resolve the inconsistency in the job numbers between VE Hill's testimony and the Skilltrans data.

Second, Plaintiff submitted additional evidence after issuance of the ALJ's decision further casting doubt on the reliability of VE Hill's testimony. After the ALJ's decision was issued on March 4, 2019, Plaintiff submitted an opinion dated March 12, 2019 by VE Valerie Williams (VE Williams) (ECF 15-1). VE Williams opined that Plaintiff would be unable to perform any of the jobs identified by VE Hill with the use of a cane while ambulating (*id.*). In its June 3, 2019 decision, the Appeals Council determined that this evidence "does not show a

4

reasonable probability that it would change the outcome of the decision" (Tr. 1247). Although the Appeals Council had this evidence before it, this evidence was not before the ALJ and should be addressed by the ALJ on remand. This case is analogous to *Lisa P. v. Commissioner of Social Security*, where the plaintiff submitted to the Appeals Council "compelling, contrary evidence" in a VE's declaration challenging the reliability of the VE's testimony. No. 3:19-cv-05147-TLF, 2020 WL 1443875, at *8 (W.D. Wash., Mar. 24, 2020). The court finds that VE Williams' opinion that Plaintiff could not perform the jobs identified by VE Hill is compelling evidence contradicting VE Hill's testimony and should also be addressed by the ALJ on remand.

In *Biestek v. Berryhill*, the U.S. Supreme Court stated that reconsideration may be appropriate where there is evidence that the VE's opinion lacks reliability. *See Biestek v. Berryhill,* 139 S. Ct. 1148, 1157 (2019) ("Sometimes an expert's withholding of [underlying] data, when combined with other aspects of the record, will prevent her testimony from qualifying as substantial evidence. That would be so, for example, if the expert has no good reason to keep the data private and her testimony lacks other markers of reliability."). Here, Plaintiff has presented evidence on two issues that raise serious questions as to the reliability of VE Hill's testimony that were not properly reviewed by the ALJ. Accordingly, VE Hill's testimony is not supported by substantial evidence nor are the ALJ's step five findings and disability determinations for the reasons described above.

## IV. CONCLUSION

For these reasons, the ALJ's decision is REVERSED and REMANDED. On remand, the ALJ must reconsider the additional evidence submitted by Plaintiff including the Skilltrans data, VE Williams' opinion, and resolve any inconsistencies with VE Hill's testimony while providing Plaintiff the opportunity to cross examine any witnesses. Consistent with the findings above, and

pursuant to sentence four of 42 U.S.C. § 405(g), the court REMANDS this matter for further administrative proceedings.

DATED this 23 July 2020.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah