IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID BEAVERS, <br><br> Plaintiff, <br> v. <br><br> ANDREW SAUL, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [34] MOTION FOR ATTORNEY FEES <br><br> Case No. 1:19-cv-00077-CMR <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is attorney Joel Ban's (Plaintiff's Counsel) Motion for Attorney Fees (Motion) (ECF 34) pursuant to 42 U.S.C. § 406(b). Defendant Commissioner of Social Security (Defendant or Commissioner) does not oppose the request (ECF 35). For the reasons stated below, the court GRANTS the Motion.

I.  BACKGROUND

Plaintiff David Beavers (Plaintiff or Mr. Beavers) hired Plaintiff's Counsel on a contingency-fee basis to represent him in federal court for claims arising from the Commissioner's decision denying his application for disability insurance benefits (ECF 27 at 1; ECF 27-1 at 2–3). Through written agreement, Plaintiff and Plaintiff's Counsel agreed that the contingency fee award would be 25 percent of the past-due benefits awarded based on Plaintiff's claims (ECF 27-1 at 1).

On October 11, 2016, Plaintiff filed his first appeal of the decision of the Commissioner in this court (*See Beavers v. Colvin*, No. 1:16-cv-00149-DBP (D. Utah) (*Beavers I*), ECF 1). On April 17, 2017, the court remanded the case for further administrative proceedings (*Beavers I*, ECF 25). Plaintiff's Counsel thereafter requested an award of $2,405 in attorney's fees under the Equal Access to Justice Act (EAJA) (*Beavers I*, ECF 27), which the court granted (ECF 28).

On July 18, 2019, Plaintiff filed his second appeal of the Commissioner's decision (*Beavers v. Saul*, No. 1:19-cv-00077-CMR (D. Utah) (*Beavers II*), ECF 1). In an Order dated July 23, 2020, the court reversed the decision of the Commissioner and remanded the case for further administrative proceedings (Order) (*Beavers II*, ECF 28). On September 29, 2020, the court awarded $6,000 in attorney's fees to Plaintiff's Counsel under the EAJA (*Beavers II*, ECF 31).

On April 26, 2023, the Social Security Administration (SSA) awarded Plaintiff $130,435.10 in past-due benefits (*Saxe II*, ECF 34; ECF 34-1 at 2). Of the total award past-due benefits, $7,200 was withheld by the SSA for direct payment of attorney's fees (ECF 34-1 at 24).

On May 25, 2023, Plaintiff's Counsel filed the instant Motion seeking an award of $25,408.78 in attorney's fees for court representation of Plaintiff pursuant to 42 U.S.C. § 406(b) (ECF 34). The Commissioner filed a Response stating it did not object to Plaintiff Counsel's request for § 406(b) fees (Response) (ECF 35). Plaintiff did not file an objection to the Motion, and the time for doing so has expired.

## II.   DISCUSSION

Plaintiff's Counsel seeks the court's authorization and award of attorney's fees in the amount of $25,408.78 (ECF 34). 42 U.S.C. § 406(b)(1)(A) provides that an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee . . . not in excess of 25 percent of the past-due benefits." Courts make an independent determination of whether the fee award sought under § 406(b) is reasonable by examining the reasonableness of the contingency-fee agreement "based on the character of the representation and the results . . . achieved." *Gisbrecht v. Barhart*, 535 U.S. 789, 808, 122 S.Ct. 1817 (2002). A court can reduce a fee award if, for example, "the attorney is responsible for delay ... during the pendency of the case in court" or "the benefits are large in comparison to the amount of time counsel spent on the case."

*Id.* In addition, "the court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

Here, Plaintiff's Counsel's requested fee award of $25,408.78 for court representation is equal to 25 percent of past due benefits minus the amount withheld by the SSA for direct payment of attorney's fees. The court also notes that Plaintiff's Counsel's Motion is unopposed. Neither the Commissioner nor Plaintiff has objected to the award requested by Plaintiff's Counsel.

Nevertheless, pursuant to *Gisbrecht*, the court will examine whether the fee request is reasonable. First, upon review of the record in this case, there is no indication that Plaintiff's Counsel was responsible for any undue delay in resolving Plaintiff's claims. Plaintiff filed his complaint in *Beavers I* on October 11, 2016, and the Commissioner's decision was reversed and remanded on April 17, 2017. After additional administrative proceedings, Plaintiff filed his complaint in *Beavers II* on July 18, 2019, and the Commissioner's decision was again reversed and remanded on July 23, 2020. On April 26, 2023, the SSA notified Plaintiff that it would pay his past-due benefits, and Plaintiff's Counsel filed the instant Motion filed on May 25, 2023. Thus, nothing in the record indicates that Plaintiff's Counsel delayed pursuit of Plaintiff's claims to profit from the accumulation of past-due benefits. Therefore, the court finds no basis to reduce Plaintiff's Counsel's award on this basis.

Next, the court may reduce the attorney's fees award if the amount is larger in comparison to the amount of time Plaintiff's Counsel spent on the case. Here, Plaintiff's Counsel represented Plaintiff in two separate cases in federal court and successfully obtained a remand in both *Beavers I* and *Beavers II*. Plaintiff's Counsel represents that he spent 44.23 hours pursuing Plaintiff's claims before the court (ECF 27-1 at 13). The court authorizing an award of $25,408.78 would result in

an hourly rate of approximately $574.47 per hour. After the $8,405.00 in EAJA fees is refunded to Plaintiff, the fee award for Plaintiff's counsel will be $17,003.78. The court finds this to be a reasonable amount for representation of Plaintiff in federal court.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, the court finds the requested fee amount to be reasonable and authorizes Plaintiff's Counsel to receive an award of $25,408.78 in attorney's fees under § 406(b).

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion is GRANTED and Plaintiff's Counsel is awarded $25,408.78 in attorney's fees. Payment will be made to Ban Law Office, PC at P.O. Box 118, Salt Lake City, UT 84110. Upon payment of this amount, EAJA fees in the amount of $8,405.00 will be refunded to the Plaintiff.

DATED this 29 July 2024.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah